UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ENHANCED RECOVERY COMPANY, LLC,
FAIR DEBT COLLECTION PRACTICES ACT
(FDCPA) LITIGATION                                                                                       MDL No. 2876

ORDER DENYING TRANSFER

**Before the Panel:** Defendant Enhanced Recovery Company, LLC, moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of New York.[1] This litigation currently consists of six actions, each pending in a separate district, as listed on Schedule A. In addition, the parties have notified the Panel of one related action, which was filed in the Eastern District of New York. Plaintiffs in each of these actions allege that they received a debt collection letter from Enhanced Recovery that identified Kohl's Department Store, Inc., as the creditor to which the debt was owed, rather than Capital One, N.A. Plaintiffs allege that this misidentification violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. Plaintiffs in two actions oppose centralization, while plaintiffs in the other four actions on the motion support centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions share some factual questions arising from plaintiffs' allegations that Enhanced Recovery sent each of them a debt collection letter that failed to identify Capital One, N.A., as the creditor to which the alleged debt was owed. These common factual questions, though, are not sufficiently complex or numerous to warrant the creation of an MDL. There is no dispute regarding the contents of these letters, only whether the Enhanced Recovery is liable under the FDCPA for those contents. The actions on the motion also involve non-overlapping putative state classes of consumers. Thus, there is no substantial risk of conflicting pretrial rulings, particularly with respect to class certification.

Furthermore, only seven actions are at issue here (including the related action), at least four of which involve common plaintiffs' counsel. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). To the extent there is any possibility of duplicative discovery or inconsistent pretrial rulings,

---

[1] Enhanced Recovery initially sought centralization in the Southern District of Indiana, where a state-wide class has been certified. After the close of briefing, Enhanced Recovery changed its requested transferee district based on the recent dismissal in the Eastern District of New York of a similar FDCPA complaint involving a different defendant.

-2-

voluntary cooperation and coordination among the parties and the involved courts seems a feasible alternative to centralization.  *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: ENHANCED RECOVERY COMPANY, LLC,
FAIR DEBT COLLECTION PRACTICES ACT
(FDCPA) LITIGATION**     MDL No. 2876

## SCHEDULE A

<u>Eastern District of California</u>

FRALEY v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 2:18−02606

<u>Southern District of Florida</u>

ISRAELSON v. ENHANCED RECOVERY COMPANY, C.A. No. 9:18−80688

<u>Southern District of Indiana</u>

RHODES v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 1:17−04297

<u>Eastern District of New York</u>

HULL v. ENHANCED RECOVERY COMPANY, LLC, C.A. No. 2:18−05787

<u>Middle District of North Carolina</u>

THIBODEAUX v. ENHANCED RECOVERY COMPANY, LLC, ET AL.,
   C.A. No. 1:18−00470

<u>Middle District of Tennessee</u>

HARPER v. ENHANCED RECOVERY COMPANY, ET AL., C.A. No. 3:18−00525